UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHONG H. KIM,

        Plaintiff,

v.

FRANCIS J. HARVEY,
SECRETARY OF THE ARMY,

CIVIL CASE NO. 04-60005
HON. MARIANNE O. BATTANI

        Defendant.
_____/

### OPINION AND ORDER DENYING
### PLAINTIFFS' MOTION FOR RECONSIDERATION

**I.  INTRODUCTION**

Before the Court is Plaintiff's Motion for Reconsideration of the Court's November 15, 2006, Opinion and Order Granting Defendant's Motion for Summary Judgment (Doc. #62). Specifically, Plaintiff requests the Court to reconsider whether there is a material question of fact regarding whether the reason for his disenrollment from the Army War College was a result of discrimination. Pursuant to Local Rule 7.1(e)(2)(E.D. Mich. Sept. 8, 1998), no oral argument was heard.

**II.  STANDARD OF REVIEW**

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties
> have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3).

A motion for reconsideration which merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). A party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F. Supp.2d 787, 789 (W.D. Mich. 1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been mislead by a palpable defect, and; (2) the correction of that defect will result in a different disposition of the case. L.R. 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Mktg. Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997).

### III.   ANALYSIS

The court finds that Plaintiff's motion presents the same issues expressly ruled upon by the Court in the November 15, 2006, order granting Defendant's motion for summary judgment. Moreover, Plaintiff has failed to demonstrate a palpable defect in its ruling by which the Court or the parties have been misled.

In addition, pursuant to Local Rule 7.1(g)(1), motions for rehearing or reconsideration must be filed within ten days of entry of judgment. Plaintiff filed his motion for reconsideration two months after entry of judgment, and one day after filing a notice of appeal. Therefore, not only has Plaintiff failed to make the requisite showing, his motion is untimely and moot.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: January 26, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served upon all parties of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK